UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

5/3/21

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                             CASE NO. 3:21-cr-

SEAN COREY MCKENZIE
a/k/a "yungb16115"

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, SEAN COREY MCKENZIE, a/k/a "yungb16115," and the attorney for the defendant, Maurice C. Grant, II, Esq., mutually agree as follows:

### A.   Particularized Terms

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Count One of the Information, which charges the defendant with attempted production of child pornography, in violation of 18 U.S.C. § 2251(a).

2.   Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100.

Defendant's Initials  SM                         AF Approval MT

With respect to Count One and pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, while on supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life, and an additional term of supervised release can be imposed.  Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years, and an additional term of supervised release can be imposed.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of up to $50,000 on any defendant convicted of an offense in violation of 18 U.S.C. §§ ~~2252(a)(4) or 2252A(a)(5)~~. 2251(a). *KSA SM MMGII*

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the

Defendant's Initials  *SM*                     2

Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts One are:

<u>First</u>: That an actual minor, that is, a real person who was less than 18 years old, was depicted;

<u>Second</u>: The defendant intended to employ, use, entice, and coerce at least one minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct;

<u>Third</u>: The defendant knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce; and

<u>Fourth</u>: That the defendant engaged in conduct that constituted substantial steps toward the commission of the crime and that strongly corroborates the defendant's criminal intent.

4. <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's

Defendant's Initials _SM_                3

Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.     Restitution to Any Minor Victims of Offenses
        Committed by Defendant, Whether Charged or Uncharged

Pursuant to 18 U.S.C. §§ 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.  Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.  The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7.     Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the

Defendant's Initials _SM_                    4

defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

       8.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the

Defendant's Initials _*Sm*_          5

determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.  The defendant specifically agrees and consents to the administrative forfeiture of a Samsung Galaxy A11 cellular telephone, seized from the defendant by the Federal Bureau of Investigation on rearms on March 15, 2021.

If the administrative forfeiture proceeding is not completed prior to sentencing, the defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal or civil judicial forfeiture action.

The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.  Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

Defendant's Initials _SM_                    6

**B.    Standard Terms and Conditions**

    1.    <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

        On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials  <u>SM</u>          7

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's

Defendant's Initials _SM_                    8

financial condition.   The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.   The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.   The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.   The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

     6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.   The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.   The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present

Defendant's Initials  _SM_             9

arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant

Defendant's Initials _____    10

*MCG IV*
*his   SM   XXX*

is released from ~~her~~ waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if

Defendant's Initials _SM_                11

any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

    11.   Factual Basis

        Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _*SM*_        12

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.


DATED this _26th_ day of April, 2021.

KARIN HOPPMANN
Acting United States Attorney


_____          _____
SEAN COREY MCKENZIE                      ASHLEY WASHINGTON
Defendant                                Assistant United States Attorney


_____          _____
MAURICE C. GRANT, II, ESQ.               KELLY KARASE
Attorney for Defendant                   Assistant United States Attorney
                                         Deputy Chief, Jacksonville Division


Defendant's Initials _SM_                13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:21-cr-

SEAN COREY MCKENZIE
a/k/a/ "yungb16115"

### PERSONALIZATION OF ELEMENTS

1.      Do you admit that an actual minor, that is, a real person who was less than 18 years old, was depicted?

2.      Between January 4, 2021 and February 22, 2021, in the Middle District of Florida, and elsewhere did you intend to employ, use, entice, and coerce at least one minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct?

3.      Do you admit that you knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, that is Chat Application A via the internet?

4.      Do you admit that you engaged in conduct which constituted substantial steps toward the commission of the crime and which strongly corroborate your criminal intent, that is, among other things, you used your Chat Application A account to direct and instruct a minor child, "daddy.little.girl190,"

Defendant's Initials _____                    14

you believed to be 13 or 14 years old, to produce sexually explicit images and videos and send them to you?



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:21-cr-

SEAN COREY MCKENZIE
a/k/a "yungb16115"

FACTUAL BASIS

On or about March 15, 2021, Federal Bureau of Investigation (FBI) agents conducted a consensual interview of the defendant, SEAN COREY MCKENZIE, at his residence in Jacksonville, Florida. FBI agents believed MCKENZIE was using an account with the username "yungb16115" and display name "Sean Daddy Mac" that had been uploading child pornography to a private chat room in a particular social media application ("Chat Application A"). Chat Application A is often used by individual users to meet online, engage in conversation through private messages, and share photographs and other content. The use of Chat Application A necessarily involves the use of the Internet, a facility of interstate commerce. During the interview, MCKENZIE admitted to using Chat Application A and he used that account to request minor females to take "nude" photos of themselves. MCKENZIE admitted the photos were sexually explicit. MCKENZIE admitted he used the Chat Application A account with username "yungb16115" and display name "Sean Daddy

Defendant's Initials _SM_                  16

Mac." MCKENZIE said he accessed it from Chat Application A installed on his Samsung Galaxy A11 cellular phone.

MCKENZIE used his Chat Application A account with username "yungb16115" to communicate with females he believed to be minors and asked them to take sexually explicit photos and videos of themselves. MCKENZIE received sexually explicit photos and videos because of his requests. MCKENZIE has been viewing and trading child pornography and requesting minor females take sexually explicit photos of themselves for approximately six years and acknowledged it was illegal.

MCKENZIE stated he sought out Chat Application A chat rooms with titles indicative of having minors in them. MCKENZIE provided written and verbal consent to search his Samsung Galaxy A11 cellular phone.

MCKENZIE's Samsung Galaxy A11 cellular phone was forensically reviewed. The Samsung Galaxy A11 device contained approximately 1,383 message conversations between user "yungb16115" and other Chat Application A users where the exchange of images, videos and/or links occurred or were discussed that involved the exchange of child pornography. One of the conversations was between MCKENZIE and Chat Application A user "daddy.little.girl190" that occurred from January 4, 2021 to February 22, 2021. The conversation included the following messages, but is not set forth in its entirety:

| "yungb16115": | hey babe |
| "yungb16115": | ok |

Defendant's Initials _Sℳ_                    17

"daddy.little.girl190":     Sorry I've been busy

"daddy.little.girl190":     But I just got my first vibratorrr

"yungb16115":               How did you get that babe

"yungb16115":               from where

"daddy.little.girl190":     The Adam and eve website

"yungb16115":               did it already come in

"daddy.little.girl190":     Yess

"yungb16115":               When you going to use it for me

"daddy.little.girl190":     [sent an approximately 14 second (0:14) color video of a pink-colored cylindrical object being inserted into and rubbed across an age difficult female's vagina.]

"daddy.little.girl190":     It hurts to put in I'm to tight

"yungb16115":               [sent a color image depicting what appeared to be an adult engaging in bestiality.]

"daddy.little.girl190":     I'm soaking wet..

"yungb16115":               let me see you deep throat it baby

"daddy.little.girl190":     I'll try

"yungb16115":               ok baby

"daddy.little.girl190":     [sent an approximately 14 second (00:14) color video of an age difficult female lying down and inserting a pink-colored cylindrical object into her mouth.]

…
"daddy.little.girl190":     I wish you could join me

| | |
|---|---|
| "yungb16115": | fuck yeah baby have you vibrated that asshole with it |
| "daddy.little.girl190": | No would that feel good |
| "yungb16115": | Im not sure baby want to try it for me an show me |
| "daddy.little.girl190": | Not rn |
| "yungb16115": | ok |
| "daddy.little.girl190": | Hehe |
| "yungb16115": | did you cum |
| "daddy.little.girl190": | Multiple times |
| "yungb16115": | goodjob [sic] my little slut |
| "daddy.little.girl190": | Hehe I like that |
| "yungb16115": | you like what babe |
| "daddy.little.girl190": | When you call me your little slut |
| "yungb16115": | yesss my dirty sexy little underage slut |
| "daddy.little.girl190": | Do you like that I'm underage hehe |
| "yungb16115": | love it babe |
| "daddy.little.girl190": | I do too |
| "yungb16115": | fuck yeah baby |
| "yungb16115": | Alright then would rather get naked now an do some videos i tell you to do |
| "daddy.little.girl190": | Not really |

Defendant's Initials _JM_          19

"yungb16115":          Bad fucking girl

"daddy.little.girl190":   Sorry..

"daddy.little.girl190":   [sent an approximately 13 second (00:13)
                          video with audio of an age difficult female
                          rubbing a pink-colored cylindrical object over
                          her underwear-covered vaginal area which is
                          the focal point of the video frame. An audible
                          vibration can be heard in the background.]

"yungb16115":          take that fucking top off and look at daddy an

                          smile like a good little girl

"daddy.little.girl190":   [sent a color image of an age difficult female
                          with her exposed breasts.]

"yungb16115":          slide them panties off my baby. And look at

                          daddy an let me see that face while you

                          vibratin [sic] that clit

"daddy.little.girl190":   [sent an approximately 14 second (00:14)
                          color video with audio of an age difficult
                          female with her exposed breasts. An audible
                          vibration can be heard in the background.]

"yungb16115":          [sent an approximately 11 second (00:11)
                          color video with audio of an adult male
                          masturbating.]

"yungb16115":          just like that baby do it on your clit an go

                          back an forth with your face an clit

"yungb16115":          bad fucking girl

"daddy.little.girl190":   [sent an approximately 14 second (00:14)
                          color video with audio of an age difficult
                          female rubbing a pink-colored cylindrical
                          object over her underwear-covered vaginal

Defendant's Initials _JM_                    20

|   |   |
|---|---|
|  | area which is the focal point of the video frame. The age difficult female's face and exposed breasts are also visible in the video. An audible vibration can be heard in the background.] |
| "yungb16115": | [sent an approximately 14 second (00:14) color video with audio of an adult male masturbating.] |
| "yungb16115": | [sent an approximately 9 second (00:09) color video with audio of an adult male masturbating.] |
| "yungb16115": | panties off my little whore |
| "yungb16115": | you didnt finish your job |
| "yungb16115": | bad little girl |
| "daddy.little.girl190": | Sorry I went to the mall |
| "yungb16115": | what did you buy |
| "daddy.little.girl190": | I just picked things out for my birthday |
| "yungb16115": | what you pick out baby |
| "yungb16115": | whens your birthday |
| "daddy.little.girl190": | The 29th and I just showed him vans I wanted and stuff like that |
| "yungb16115": | Hell yeah baby |
| "yungb16115": | My little girl will be 15 |
| "daddy.little.girl190": | No ill be 14 |
| "yungb16115": | you told me you were 14 babe |
| "daddy.little.girl190": | Oh sorry I'm 13 |

"yungb16115":            you dont lie to your owner ever again

"daddy.little.girl190":  I wont

"yungb16115":            your job is to obey daddy an keep this cock

                         pleased

"daddy.little.girl190":  Ok

"yungb16115":            understand

"daddy.little.girl190":  Yes

"yungb16115":            good little girl

On March 24, 2021, FBI agents conducted a second consensual interview of MCKENZIE at his residence, which was surreptitiously recorded. During the interview, MCKENZIE was shown a screen recording of the Chat Application A message conversation between him and Chat Application A user "daddy.little.girl190" that occurred from January 4, 2021 to February 22, 2021. MCKENZIE said he believed Chat Application A user "daddy.little.girl190" to be 14 years old. He admitted he encouraged her to do sex acts with the vibrator and that he would have asked her to perform sex acts with her brother and would have "possibly" asked her to film it. MCKENZIE admitted he asked the female child to put a sex toy in her anus and film it and send to him. MCKENZIE, after viewing an image sent by the female child within the message conversation, stated he believed her to be 13 or 14 years old. MCKENZIE stated he knew she was underage. MCKENZIE acknowledged sending a video depicting child pornography to the female child. MCKENZIE believed the female child in that video to be 5 years old. MCKENZIE acknowledged asking

Defendant's Initials _SM_                    22

"daddy.little.girl190" to send naked pictures and described the associated images she sent to him as her "naked."  MCKENZIE sent the female child a picture of an adult male masturbating and agreed its purpose was to encourage the female child to send videos he requested. MCKENZIE agreed he instructed the female child to put the vibrator on her clitoris and film it.  In addition, MCKENZIE sent the female child videos of himself masturbating.